# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHY TRIPP, | CASE NO.  1:09cv1400 SKO |
| Plaintiff pro se, | **ORDER DENYING MOTION FOR DEFAULT JUDGMENT** |
| v. | (Doc. 38) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

## **INTRODUCTION**

On August 11, 2010, Plaintiff filed a motion for default judgment. (Doc. 38.) On August 19, 2010, the Commissioner of Social Security ("Defendant" or the "Commissioner") filed an opposition. (Doc. 39.) On August 26, 2010, Plaintiff filed a reply. (Doc. 41.) Based on a review of the pleadings, the Court determines that the matter is suitable for decision without oral argument pursuant to Local Rule 230(g). Plaintiff's motion for default judgment is DENIED.

## **RELEVANT BACKGROUND**

Plaintiff filed this action on August 11, 2009. (Doc. 1.) On August 20, 2009, the Court granted Plaintiff's application to proceed in forma pauperis. (Doc. 6.) On September 17, 2009, the Court dismissed Plaintiff's complaint with leave to amend. (Doc. 8.) Plaintiff filed an amended complaint on October 16, 2009. (Doc. 10.) On October 28 and 30, 2009, the Court issued its

1  scheduling order and summons to Defendant. (Docs. 14, 17.) Thereafter, Defendant received
2  service of process on March 5, 2010. (Doc. 29.)
3      Pursuant to the Court's scheduling order, Defendant had 120 days from the date it received
4  service of process within which to file the administrative record. (*See* Doc. 17 ¶ 2 ("Within one
5  hundred twenty (120) days after service of the complaint, respondent shall serve a copy of the
6  administrative record on appellant and file it with the court. The filing of the administrative record
7  shall be deemed an answer to the complaint.").) Thus, because Defendant was served on March 5,
8  2010, Defendant had through and including July 6, 2010, within which to file the administrative
9  record in this matter.
10     On June 9, 2010, Plaintiff filed a motion for entry of judgment. (Doc. 33.) The Court denied
11 Plaintiff's motion on June 15, 2010, because Defendant's answer was not yet due. (Doc. 35.) On
12 July 7, 2010, Defendant filed the administrative record. (Doc. 36.)
13     Plaintiff has filed the present motion requesting default judgment because Defendant filed
14 his answer one day late. (Doc. 38.) Defendant opposes Plaintiff's motion for default judgment on
15 the basis that Plaintiff's motion does not establish the merits of her claim but merely asks for default
16 judgment because the government's answer was filed one day late. (Doc. 39.) Defendant argues the
17 motion is, therefore, insufficient.

## DISCUSSION

19     Plaintiff requests entry of default judgment. The Court construes Plaintiff's request as a
20 motion pursuant to Fed. R. Civ. P. 55(b)(2), which provides:

> By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has personally appeared or by a representative, that party or its representative must be served with written notice of the application at least seven days before the hearing. The court may conduct hearings or make referrals–preserving any federal statutory right to a jury trial–when to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.

27     Courts consider several factors in exercising discretion as to the entry of default judgment,
28 including: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive

claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

As a preliminary matter, Plaintiff's motion is procedurally deficient. Before filing a motion for default judgment, default must be entered by the Clerk of the Court. Fed. R. Civ. P. 55(a). If default had been entered, Plaintiff may then file a motion for default judgment. When considering an application for a default judgment, a court must determine whether Plaintiff's claims are legally sufficient. An application for default judgment qualifies as a motion pursuant to Fed. R. Civ. P. 7(b)(1) and Local Rule 101, and it should include briefs pursuant to Local Rule 230(b). Thus, Plaintiff should have provided the Court with points and authorities containing citations showing that Plaintiff's claims are legally sufficient.

Notwithstanding the above, if Plaintiff had obtained an entry of default, the Court would deny Plaintiff's motion based on an application of the *Eitel* factors outlined above. Plaintiff has not provided the Court with any legal authority in support of her motion, nor has she established that the complaint contains the necessary elements to sufficiently state a claim. Although Plaintiff may suffer some prejudice, a denial is warranted because Defendant did appear in this action, albeit one day late.

Moreover, because this is a Social Security case, there will likely be a material dispute concerning the facts in this action, and as a general rule, default judgments are disfavored. *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009). Cases should be decided upon their merits whenever possible. *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985). Finally, a default judgment may only be entered against the United States or its agencies if the claimant establishes a claim or a right by evidence that satisfies the Court. Fed. R. Civ. P. 55(d); *see also Borzeka v. Heckler*, 739 F.2d 444, 446 (9th Cir. 1984) (default judgment not appropriate in Social Security case because the motion only alleged that the Commissioner had not timely responded to the complaint and, therefore, did not address the merits of the case). Here, the Court cannot find that Plaintiff has established her claim under these circumstances.

**CONCLUSION**

Based on the above, Plaintiff's motion for default judgment is denied. However, the Court modifies the briefing schedule to rectify any prejudice Plaintiff may have suffered as a result of Defendant's late filing. Accordingly, IT IS HEREBY ORDERED:

1) Plaintiff's Motion for Default Judgment (Doc. 38) is DENIED;

2) Plaintiff's confidential letter brief shall be served on Defendant by no later than **October 7, 2010**. The confidential letter brief shall outline the reasons why Plaintiff contends that a remand is warranted. The confidential letter brief shall succinctly set forth the relevant issues and reasons for remand. The confidential letter brief shall NOT be filed with the Court and shall be marked "confidential";

4) Defendant shall respond to Plaintiff's confidential letter brief by no later than **November 15, 2010**. The response shall NOT be filed with the Court and shall be marked "confidential";

5) In the event that the parties stipulate to a remand to the Commissioner, the stipulation shall be filed with the Court within fifteen (15) days after Defendant serves its response on Plaintiff;

6) In the event that Defendant does not agree to a remand, Plaintiff shall file with the Court and serve her opening brief on Defendant by no later than **December 20, 2010**. Plaintiff shall refer to pages 3 and 4 of this Court's Scheduling Order issued on October 30, 2009, that outlines the required elements of this brief (Doc. 17 ¶ 11(a)-(f));

7) Defendant's opposition brief shall be filed with the Court and served on Plaintiff by no later than **January 24, 2011**; and

8) Plaintiff's reply brief shall be filed with the Court and served on Defendant by no later than **February 11, 2011**.

IT IS SO ORDERED.

**Dated:** September 2, 2010          /s/ Sheila K. Oberto
                                      UNITED STATES MAGISTRATE JUDGE