1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

### EASTERN DISTRICT OF CALIFORNIA

10

11   KATHY TRIPP,                                CASE NO.   1:09-cv-1400 SKO

12                    Plaintiff pro se,          **ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE AND FOR FAILURE TO COMPLY WITH COURT ORDER**

13

14         v.

15   MICHAEL J. ASTRUE,
     Commissioner of Social Security,

16                    Defendant.

17   _____/

18                              **BACKGROUND**

19        On August 11, 2009, Plaintiff, proceeding pro se and in forma pauperis, filed a complaint

20   under 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking review of a final decision of the Commissioner

21   of Social Security (the "Commissioner" or "Defendant") denying Plaintiff's applications for disability

22   insurance benefits and Supplemental Security Income.  (Doc. 1.)  The parties have consented to the

23   jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1), and the matter

24   has been assigned to the Magistrate Judge to conduct all further proceedings in this case, including

25   entry of final judgment.  (Docs. 18, 30, 32.)

26        On October 30, 2009, the Court issued a scheduling order directing, *inter alia*, Plaintiff to

27   serve upon Defendant a confidential letter brief within thirty (30) days after service of the

28   administrative record.  (Doc. 17 ¶ 3.)  The scheduling order further stated that "[v]iolations of this

order or of the federal or local rules of procedure may result in sanctions pursuant to Local Rule [110]." (*Id.* ¶ 15.) An informational order for pro se litigants issued on that same date also expressly warned Plaintiff that failure to comply with the local rules, federal rules, or a court order, including the informational order itself, would be grounds for dismissal or other appropriate sanctions. (Doc. 16 at 10.)

On July 7, 2010, Defendant filed and served the administrative record. (Doc. 36.) On August 11, 2010, Plaintiff filed a motion for default judgment, which the Court denied on September 2, 2010. (Docs. 38, 43.) In its order denying Plaintiff's motion for default judgment, the Court ordered Plaintiff to serve her confidential letter brief on Defendant by no later than October 7, 2010. (Doc. 43 at 4.)

On September 13, 2010, rather than serving Defendant with a confidential letter brief pursuant to the Court's order, Plaintiff filed a "motion" for the Court to "make[] a decision on [her] case." (Doc. 44 at 1.) According to Plaintiff, she "will not be working with the defendant on a resolution with [her] case such as providing them [sic] with a brief." (*Id.*) Plaintiff further stated: "If by me [sic] refusing to work with the defendant is a reason to dismiss my case I'm asking that the Court does so in a timely manner." (*Id.*) On September 22, 2010, Defendant indicated that, "[t]o the extent Plaintiff wants to dismiss and/or no longer prosecute her case, the Commissioner does not object." (Doc. 45 at 1.)

## DISCUSSION

**A.     Legal Standard**

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." A court may dismiss an action, with prejudice, because of a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that a court may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply

1  with the rules of civil procedure or the court's orders); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir.

2  1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal.").

3  In determining whether to dismiss an action for lack of prosecution, failure to obey a court

4  order, or failure to comply with local rules, the Court must consider several factors, including: (1) the

5  public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket,

6  (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their

7  merits, and (5) the availability of less drastic sanctions. *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084

8  (9th Cir. 2010); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir.

9  2006); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).  "Where a court order is violated,

10  the first two factors support sanctions and the fourth factor cuts against a default.  Therefore, it is the

11  third and fifth factors that are decisive."  *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th

12  Cir. 1990).

13  **B.    Analysis**

14  **1.    The Public's Interest in Expeditious Resolution of Litigation**

15  "[T]he public has an overriding interest in securing 'the just, speedy, and inexpensive

16  determination of every action.'"  *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d at

17  1227 (quoting Fed. R. Civ. P. 1).  "Orderly and expeditious resolution of disputes is of great

18  importance to the rule of law.  By the same token, delay in reaching the merits, whether by way of

19  settlement or adjudication, is costly in money, memory, manageability, and confidence in the

20  process." *Id.*  "The public's interest in expeditious resolution of litigation always favors dismissal."

21  *Pagtalunan*, 291 F.3d at 642.  Accordingly, Plaintiff's recalcitrance in refusing to comply with the

22  Court's order and to pursue her case further weighs in favor of dismissal.

23  **2.    The Court's Need to Manage Its Docket**

24  As for the second factor, district courts retain broad discretion to control their dockets, and

25  in the exercise of that power they may impose sanctions including, where appropriate, dismissal.

26  *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007).  The Court "is in the best

27  position to determine whether the delay in a particular case interferes with docket management and

28  the public interest." *Pagtalunan*, 291 F.3d at 642.

Here, this case "has consumed some of the court's time that could have been devoted to other cases on the docket.  It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants such as [Plaintiff].  Accordingly, this factor also weighs in favor of dismissal." *Id.* (citation omitted).

### 3. The Risk of Prejudice to Defendant

The third factor – the risk of prejudice to Defendant – also weighs in favor of dismissal.  "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Adriana Int'l Corp.*, 913 F.2d at 1412. Failing to produce documents as ordered, for example, is considered sufficient prejudice.  *Id.* Prejudice "may also consist of costs or burdens of litigation, although it may not consist of the mere pendency of the lawsuit itself." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d at 1228.  "The law also presumes prejudice from unreasonable delay." *Id.* at 1227.  A plaintiff "may proffer an excuse for delay that, if 'anything but frivolous,' shifts the burden of production to the defendant to show at least some actual prejudice." *Id.* at 1228.  If the defendant does so, "the plaintiff must persuade the court that the claims of prejudice are illusory or relatively insignificant in light of his excuse." *Id.*

In this case, Plaintiff has failed to offer any explanation for the delay or refusal in proceeding with the prosecution of the case.  The Court finds that, under the circumstances of this case, Plaintiff's delay is unreasonable.  Moreover, Plaintiff's refusal to serve a confidential letter brief on Defendant threatens to interfere with the rightful decision of this case, further establishing prejudice to Defendant.

### 4. The Public Policy Favoring Disposition of Cases on Their Merits

The fourth factor – the public policy favoring disposition of cases on their merits – strongly counsels against dismissal.  *Id.*  "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." *Id.*  Thus, the Ninth Circuit has "also recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but

whose conduct impedes progress in that direction." *Id.* Therefore, the fourth factor is greatly outweighed by the factors in favor of dismissal discussed herein.

        **5.**        **The Availability of Less Drastic Sanctions**

        Finally, a court's warning to a party that failure to obey the court's order may result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The Court's informational order issued on October 30, 2009, expressly warned Plaintiff that failure to comply with the local rules, federal rules, or a court order, including the informational order itself, would be grounds for dismissal or other appropriate sanctions. (Doc. 16 at 10.) Because Plaintiff is proceeding pro se and in forma pauperis, the Court concludes that monetary sanctions are not a viable alternative. The Court finds that, under the circumstances of the present case, there is no alternative to dismissal.

**C.**    **Conclusion**

        The Court's consideration of the five factors discussed above favors dismissal of this case. Accordingly, IT IS HEREBY ORDERED that this action be DISMISSED WITH PREJUDICE for failure to prosecute and for failure to follow an order of the Court. The Clerk is DIRECTED to CLOSE this action in its entirety.

IT IS SO ORDERED.

**Dated:**   **September 24, 2010**         **/s/ Sheila K. Oberto**
                                          UNITED STATES MAGISTRATE JUDGE